FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEISHA STEPHENS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION CITIBANK, N.A., and CAPITAL ONE CREDIT CARD BANK,<br><br>　　　　　Defendants. | NO. 2:25-CV-0307-TOR<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT |

BEFORE THE COURT is Defendant's, Citibank, N.A., Motion to Dismiss or Alternatively Motion for a More Definite Statement (ECF No. 3). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss or Alternatively Motion for a More Definite Statement (ECF No. 3) is GRANTED IN PART.

ORDER ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT ~ 1

## BACKGROUND

On June 17, 2025, Plaintiff, proceeding *pro se*, filed a complaint with the Spokane County Superior Court. ECF No. 1-2 at 4-9. The complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. and Washington State Consumer Protection Act ("WCPA"), RCW 19.86.010-86.920. ECF No 1-2 at 6-9. Plaintiff requests actual damages, treble damages, and economic damages including past income. ECF No. 1-2 at 9.

On August 13, 2025, Defendant, Citibank, NA, removed the case to this Court. ECF No 1. Subsequently, Defendant filed a Motion to Dismiss or Alternatively Motion for a More Definite Statement on August 20, 2025. Defendant requests dismissal of Plaintiff's claims with prejudice. ECF No. 3. Plaintiff did not respond to this motion.

## DISCUSSION

Federal Rule of Civil Procedure Rule 12(b) provides a list of defenses that must be either stated in a responsive pleading or by motion. FED. R. CIV. P. 12(b). The Ninth Circuit allows any Federal Civil Procedure Rule 12(b) motion to be filed before a responsive pleading. *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988). Failure to state a claim, insufficient service and process are a few of the defenses under Rule 12(b). FED. R. CIV. P. 12(b)(4)-(6).

//

*I. Failure to State a Claim*

For a plaintiff to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than a simple "formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 545. *Pro se* pleadings are liberally construed to "'afford the petitioner the benefit of any doubt.'" *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Moreover, the claim must have merit. *Id.*

The FCRA was created to protect consumer privacy, ensure fairness, and to conduct correct credit reporting. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); 15 U.S.C. §§ 1681-1681x. Under section 1681e, there are numerous duties and compliance procedures required of consumer reporting agencies. § 1681e. Additionally, part of this act created a private right of action. *Gorman*, 584 F.3d at 1154. "However, § 1681s–2 limits this private right of action to claims arising under subsection (b), the duties triggered upon notice of a dispute from a CRA." § 1681s–2(c); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d

1147, 1154 (9th Cir. 2009).  Among other things, Plaintiff must allege elements including Defendants were considered a furnisher, that they failed to adhere to procedures under the FRCA, and a notice of dispute was properly provided.  *Gorman*, 584 F.3d at 1154-55.

Next, "'To prevail in a private [W]CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation.'"  *In re Amazon Prime Video Litig.*, 765 F. Supp. 3d 1165, 1175 (W.D. Wash. 2025) (quoting *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn. 2d 27, 37, 204 P.3d 885 (2009)).

Defendant argues that Plaintiff did not argue specific facts to allege claims upon which relief may be granted.  ECF No. 3 at 5-6.  Defendant contends that the specific factual allegations in the Complaint fail to establish any violation of law, let alone support the claims asserted by Plaintiff.  ECF No. 3 at 6.

Plaintiff alleges Defendant, Navy Federal Credit Union, violated the Consumer Protection Act and the Fair Credit Reporting Act when they failed to protect Plaintiff's account when they did not "email, call or provide a letter of intent or explanation prior to withdrawing funds."  ECF No. 1-2 at 6.  Plaintiff also alleges all Defendants violated the Consumer Protection Act and the Fair Credit Reporting Act for the same reason.  *Id.*  Additionally, Plaintiff contends that they

participated "in unfair practice by failing to identify names on checks presented to the account of Plaintiff."  ECF No. 1-2 at 7.

Plaintiff seems to allege a banking issue for transfers and other banking procedures but not any elements under either the FCRA or the CPA.  ECF No. 1-2 at 4-9.  For the FCRA claim, Plaintiff has not alleged any facts that she filed a notice of dispute or any facts regarding her credit report or failure of a credit reporting company's' compliance with required procedures.  ECF No. 1-2 at 4-7.  There are no specific details about what Defendants did that amounted to a failure of this act or surrounding the event in question.  *Id.*  For these reasons, Plaintiff failed to state a claim under the FRCA against all Defendants.

Next, under the WCPA, Plaintiff has not alleged any facts for any of the required elements.  ECF No. 1-2 at 4-7.  Plaintiff does not state what and why a practice was deceptive, how it occurred in trade or commerce or how this caused any injury to her property or business.  ECF No. 1-2 at 4-7.  Plaintiff toes around issues with banking transactions, but this does not amount to any allegation of damages.  These claims are without merit and is not factually plausible.  Furthermore, Plaintiff does not allege any complaints or facts for how these practices affect the public interest.  ECF No. 1-2 at 4-7.

*II. Insufficient Service*

Rule 4(h) provides the requirements to serve proper service on a corporation.

ORDER ON DEFENDANT'S MOTION TO DISMISS OR
ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT ~ 5

FED. R. CIV. P. 4(h).  Service is proper if served in the same manner as an individual under Rule 4(e)(1) or

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

FED. R. CIV. P. 4(h)(1)(B).  Under Rule 4(e)(1), service is proper for a corporation or an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  FED. R. CIV. P. 4(e)(1).

Under New York law, where the service was attempted, a few methods are possible.  N.Y. CPLR 311 (McKinney 2003).  First, personal service may be proper upon a domestic corporation, when delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service."  CPLR 311(a)(1).  Additionally, the statute allows service under 306 and 307 of the Business Corporation Code.  *Id.*  These rules allow for "[s]ervice of process on a registered agent may be made in the manner provided by law for the service of a summons, as if the registered agent was a defendant" or to the Secretary of State.  N.Y. Bus. Corp. Law § 306(a)-(b)(1) (McKinney).  Additional methods of service continue within the statute.  *Id.*

1  Under Washington law, where this Court is located, multiple avenues are possible to properly serve process if one of the previous methods are not possible with reasonable diligence. RCW 23.95.450. Under Washington Law, process must be served, as required or permitted by law, which means upon a represented entity's registered agent. RCW 4.28.080(8); 23.95.450. However, if the entity does not have a current registered agent or cannot be served with reasonable diligence, "the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office." RCW 23.95.450(2). Next, if this method is not possible to effect service, then service may be processed "by handing a copy to the individual in charge of any regular place of business or activity of the entity if the individual served is not a plaintiff in the action." RCW 32.95.450(3). The last three methods allow process to be served to the Secretary of State, in a tangible medium, or other means as allowed by Washington law. RCW 23.95.450(4)-(6).

When there has been insufficient service, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). Under Rule 4(m), "a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4

ORDER ON DEFENDANT'S MOTION TO DISMISS OR
ALTERNATIVELY MOTION FOR A MORE DEFINITE STATEMENT ~ 7

1  When there has been insufficient service, "the district court has discretion to
2  dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470
3  F.3d 1288, 1293 (9th Cir. 2006). Importantly, the Court must not dismiss a claim
4  *sua sponte* without providing the plaintiff with a chance to prove good cause for
5  the failure of proper service. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir.
6  2013). Absent good cause, the Court may extend the deadline to direct service if
7  the plaintiff shows excusable neglect. *Id.* at 976.

8      Defendant states Plaintiff insufficiently served process. ECF No. 3 at 6-7.
9  Plaintiff filed a complaint but did not file certificate of service. ECF No. 1-2 at 2-
10 10. Additionally, Plaintiff served Defendant, Citibank, by mail which does not
11 meet the approved method of service. ECF No. 1-2 at 10. Service was not sent to
12 the registered agent. ECF No. 1-2 at 10. Defendant requests the Court to dismiss
13 the claims for insufficient service under Rule 12(b). ECF No. 3 at 6-7.

14     Plaintiff sent the summons by mail to Citibank but did not send anything to
15 Capital One Credit Card Bank or Navy Federal Credit Union. ECF No. 1-2 at 10.
16 Plaintiff's 90-day requirement to serve and file proper service ended on September
17 15, 2025. ECF No. 1-2. That is over 30 days ago. The Court recognizes Plaintiff
18 is proceeding *pro se* but even *pro se* parties must adhere to procedural
19 requirements. *U.S. v. Flewitt*, 874 F.2d 669, 675 (1989) (stating pro se litigants
20 must adhere to the rules and do not receive special rules). Plaintiff had notice and

an opportunity to argue good cause or excusable neglect for failure to properly serve process in response to this motion. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir. 2002) (stating a district court must not dismiss *sua sponte* without notifying the plaintiff of the effort or intent to dismiss the action). However, Plaintiff neither filed a response nor sought an extension of time or similar relief. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (showing that when a plaintiff filed a motion of extension of time, this was his opportunity to argue good cause or excusable neglect). As a result, the Court does not find good cause or excusable neglect.

Additionally, under LCivR 7(e), failure to comply with the rules for motions and responses, "may be deemed consent to the entry of an order adverse to the party who violates these rules." LCivR 7(e). Plaintiff failed to comply with the rules and has not opposed this motion in any way or filed anything beyond the original complaint.

The Court dismisses Plaintiff's claims against Defendant, Citibank, N.A., for failure to properly serve process and to state a claim. Additionally, Plaintiff failed to attempt to properly serve process to the other Defendants, Navy Federal Credit Union and Capital One Credit Card Bank within the ninety-day requirement. Even more, Plaintiff failed to state a claim upon which relief may be granted against all Defendants and failed to respond to this motion. For these reasons, all claims are

dismissed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss or Alternatively Motion for a More Definite Statement (ECF No. 3) is **GRANTED in part**.

2. Plaintiff's claims for violations under the FCRA and WCPA against all Defendants are **DISMISSED WITHOUT PREJUDICE.**

The District Court Executive is directed to enter this Order, furnish copies to counsel and **CLOSE** the file.

DATED October 20, 2025.



THOMAS O. RICE
United States District Judge